GOSWICK *v.* HINKLE.

5-3457                                      386 S. W. 2d 252

Opinion delivered February 1, 1965.

*Murphy & Burch,* for appellant.

*Walter R. Niblock,* for appellee.

GEORGE ROSE SMITH, J. In this case the appellee's complaint alleged that the appellant, then a college student, took the appellee's car without permission and was involved in a collision in which the vehicle was damaged. After a trial that must have taken only a few minutes the circuit court, sitting without a jury, awarded the plaintiff a judgment for $500. The single question here is whether the plaintiff's evidence was sufficient to make a *prima facie* case.

Only two witnesses testified. The plaintiff, who was represented at the trial by an attorney other than his present counsel, stated that while he was at the 71 Club on the night of May 18, 1962, his parked car was stolen and was damaged to the extent of $572.49 in an accident.

The second witness, police officer Spencer, investigated the collision, which involved five vehicles. Officer Spencer's testimony, apart from several hearsay statements that were duly objected to, amounted to this: As a result of information he had received he arrested young Goswick at a certain fraternity house in Fayetteville and questioned him. Goswick admitted that he had been at the

71 Club at the time, but he did not remember what had happened. Officer Spencer conceded that he had not identified Goswick as the driver of the vehicle. Upon this meager proof the trial judge, with manifest reluctance, entered a judgment finding that it was Goswick who took the car and that the damage was proximately caused by Goswick's negligence.

We cannot sustain the judgment. The only facts proved are that the car was taken while it was parked at the 71 Club, that it was damaged in a collision, that Goswick was arrested, and that upon interrogation he admitted having been at the Club but remembered nothing else. To infer, from these bare facts, that Goswick actually took the car and that he was guilty of negligence which was the proximate cause of the collision is, in our opinion, to engage in speculation and conjecture. We conclude that the plaintiff did not sustain his burden of proof.

The judgment is reversed, and, as the case has evidently not been fully developed, the cause is remanded for a new trial.